# SUPREME JUDICIAL COURT

FOR THE

## COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN, SEPTEMBER TERM 1830, AT NORTHAMPTON.

PRESENT:

HON. LEMUEL SHAW, CHIEF JUSTICE,
HON. SAMUEL PUTNAM, ⎫
HON. SAMUEL S. WILDE, ⎬ JUSTICES.
HON. MARCUS MORTON, ⎭

---

## JOHN RATHBONE *versus* SAMUEL RATHBONE.

In an action of debt upon a judgment recovered in another State, it is sufficient for the plaintiff, upon the issue of *nul tiel record*, to produce a copy of the record of the judgment, without producing a copy of the record of the antecedent or subsequent proceedings.

Where, by the forms of proceeding in another State, judgment is entered for the penalty of a bond and a *fieri facias* issues for only the sum actually due to the plaintiff, if an action of debt on such judgment is brought in this State, and the issue of *nul tiel record* is found for the plaintiff, the judgment will be that there is such a record, and an execution will be awarded for the sum actually due to the plaintiff.

THIS was an action of debt. The declaration sets forth, that the plaintiff recovered a judgment against Samuel Rathbone and Joshua Downer in the Supreme Court of New York, in 1821, for the sum of $ 25,200, for his damages, and for the sum of $ 19·66, costs of suit, *prout patet per recordum*, which judgment still remains in full force, not reversed, annulled, or satisfied.

VOL. X.        1            1

Rathbone
v.
Rathbone.

Plea, *nul tiel record* ; and issue thereon.

The plaintiff, in support of the issue on his part, produced a copy of a record of the Supreme Court of New York, by which it appeared that the action in that court was upon a bond for the sum of $ 25,200, and that the judgment was rendered for that sum, as damages, and for $ 19·66, costs of suit.

It appeared that Samuel Rathbone and Downer gave the plaintiff a bond, dated in December 1819, in the penal sum of $ 25,200, conditioned for the payment of $ 12,600, with interest, on or before January 1st, 1820.   They likewise gave him a warrant of attorney, authorizing a judgment to be confessed for the amount of the bond.   On the 6th of January, 1821, the plaintiff filed in the office of the clerk of the Supreme Court of New York, a declaration on the bond, with oyer or a copy of the bond, and the warrant of attorney.   By virtue of this warrant, an attorney of that court appeared to the suit, by filing a common bail-piece and a *cognovit actionem*, whereby the plaintiff's right to recover $ 25,200 on the bond was confessed.   The plaintiff then, on the same day, filed in the clerk's office his record of such recovery, and the clerk issued a writ of *fieri facias* on the judgment, which was returned satisfied as to a part, and unsatisfied as to the residue.

The plaintiff, to prove the issue on his part in the present action, produced a copy of the judgment record ; but the defendant objected that it was not a copy of the whole record, inasmuch as it did not contain either the warrant of attorney, or the *fieri facias*.

Sept. 22d,
1829.

*J. H. Ashmun*, *R. E. Newcomb*, and *H. G. Newcomb*, for the plaintiff, read a written opinion of *Kent*, formerly chief justice of the Supreme Court of New York, that according to the practice of that court, and the law of New York, the document produced by the plaintiff as above mentioned, contains the whole record of a judgment entered up on a bond and warrant of attorney to confess judgment accompanying the same ; and that if an action of debt had been brought upon the judgment in the courts of that State, and the cause were tried upon issue joined on the plea of *nul tiel record*, this document would be conclusive evidence of the issue in favor of the plaintiff ; and that the *fieri facias* or other process of

execution, and the proceedings thereon, constitute no part of the record requisite to sustain the issue in such a suit. They cited 1 Chit. Pl. 354, 355.

*Wells* and *Maxwell, contrà,* said that this action was brought to recover the whole penalty of the bond, whereas the record of a judgment in another State, when made the foundation of an action here, ought to state the sum which the plaintiff is actually entitled to recover. *Lawless* v. *Hacket,* 16 Johns. R. 149. If the plaintiff is to recover the whole penalty, greater effect is here given to the judgment of another State than it would have in the State where it was rendered; for by the course of proceedings in New York, the plaintiff could have execution for no more than the sum due to him. The plaintiff ought to set forth the nature of such a judgment in order to prevent injustice being done to the defendant. To show that a judgment entered on a bond and warrant of attorney is subject to an equitable jurisdiction of the court, they cited *Frasier* v. *Frasier,* 9 Johns. R. 80; *Richmond* v. *Roberts,* 7 Johns. R. 319; *King* v. *Shaw,* 3 Johns. R. 142; *Lawless* v. *Hacket,* 16 Johns. R. 149.

*Per Curiam.** We think the copy of the record of the judgment alone, without the antecedent proceedings, is sufficient to maintain the issue on the part of the plaintiff: as when an action is brought upon a judgment rendered in this Commonwealth, it is enough for the plaintiff to produce a copy of the record of the judgment, without producing a copy of the writ. If the defendant can derive advantage from proving the antecedent or subsequent proceedings, he can produce the record of them.

The question then is, as the judgment was entered up on a warrant of attorney to confess judgment on a bond for $25,200 conditioned for the payment of half that sum, what judgment shall now be rendered. Execution ought not to be issued for $25,200, for it appears the bond was for a penal sum; but the judgment will be, that there is such a record as the plaintiff alleges, and he must show what sum is justly due to him, and take execution for that amount. As we

*Rathbone v. Rathbone.*

*Sept. 25th, 1829.*

---

* *Parker,* chief justice, *Putnam, Wilde,* and *Morton,* justices.

Rathbone
*v.*
Rathbone.

cannot pursue the mode used in the State of New York, wheie a specification of the nature and consideration of the debt is to be filed, under certain statute regulations, we must proceed in analogy to our own practice. We have one class of cases, where the penalty of a bond is confessed to be forfeited, and the obligor is heard in chancery, and execution issues for the sum found due to the plaintiff upon such hearing. To these cases the one before us bears a strong resemblance.